## CIRCUIT COURT OF BALTIMORE CITY

Filed May 20, 1890.

### KENSETT
### VS.
### DRYDEN.

*Schmucker & Whitelock* for plaintiff.

*W. A. Fisher, E. J. Koantz* and *W. B. Trundle* for defendant.

DENNIS, J.—

By the terms of the original will, I think it clear that the estate of the trustees, Messrs. Trundle and Dryden, terminated at the death of William West Dryden. Every provision of the trust was to be exercised in his lifetime and in only one contingency was it to be continued after he was thirty years of age; and it is manifest that the whole purpose in the creation of the trust was to protect him in the enjoyment of his estate against certain apprehended deficiencies of character. There is no purpose declared for the accomplishment of which a continuation of the trust beyond his life would be necessary; and the will expressly declares that in the event of his death under 30 years of age and without issue, which contingency has *actually happened*, the estate shall be divided among certain named relatives. No technical rules of construction can be allowed to defeat the intention of the testatrix thus clearly declared by continuing the estate of the trustees beyond the period she herself has fixed for its termination. Nor do I think anything is to be found in either of the codicils to the will to control this conclusion. The first of these provides that if her son, Wm. West Dryden, should die before her, or die intestate, his widow shall receive $2,000 annually during her life, out of her estate, and that this annuity should be a charge upon the whole real estate and every part of it, and should be borne and paid by her devisees in the proportions fixed by the tax lists valuation. By the second codicil, executed after her son's death, this annuity of $2,000 to his wife was limited to her widowhood and was cut down to $1,000 in the event of her remarriage. These are the only provisions of the two codicils, which are relied on by the defendants in support of their contention and all that can be referred to. From them it has been argued that it is necessary to continue the trust for the purpose of paying this annuity, and that the testatrix could never have intended that it should be paid in judgments by the different cestui que trusts according to their respective interests, and that, too, when some of them might be infants, in which event a suit in equity would be necessary. While it is true that the continuance of the trust estate will, in absence of express words of limitation, be determined by the purposes and objects of the trust, the rule does not apply in the present case. The charge of the annuity is absolute and is expressly made to rest upon each and every portion of the testatrix's estate. So that even if the will was given a construction which would continue the estate of the trustees, they would be unable to pay the annuity in full. The most that they could pay would be four-fifths of it, because they were only made trustees to that extent of the estate. The balance would have to be paid by the devisees of the other fifth; so that the annuity would still be payable in fragments, and the other contingencies suggested equally likely to happen. The payment of the annuity, therefore, is manifestly not such a purpose in the creation of the trust as can only be effectuated by continuing the estate of the trustees. To do so would in no degree relieve the situation of the difficulties suggested; while it would defeat the intention of the testatrix, clearly expressed in her original will, that in the event of the death of her son under thirty years of age and without issue, the property held in trust for him, should be divided among certain surviving heirs.